UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL TUILAEPA, | No.  2:25-cv-3156 CSK P |
| Plaintiff, | |
| v. | ORDER |
| JASON SCHULTZ, et al., | |
| Defendants. | |

**I. INTRODUCTION**

Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the Court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account.

1  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time
2  the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C.
3  § 1915(b)(2).

4  Plaintiff is granted an opportunity to elect to proceed with claim two against defendant
5  Solorio alleging inadequate medical care in violation of the Eighth Amendment or plaintiff may
6  elect to amend his complaint as discussed below.

7  **II. SCREENING STANDARDS**

8  The court is required to screen complaints brought by prisoners seeking relief against a
9  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
10 court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally
11 "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
12 monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

13 A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
14 Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
15 Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an
16 indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke,
17 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully
18 pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th
19 Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir.
20 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably
21 meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at
22 1227.

23 Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain
24 statement of the claim showing that the pleader is entitled to relief,' in order to 'give the
25 defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic
26 Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
27 In order to survive dismissal for failure to state a claim, a complaint must contain more than "a
28 formulaic recitation of the elements of a cause of action;" it must contain factual allegations

sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

### III. DISCUSSION

Named as defendants are Warden Schultz and Correctional Officers Parks and Solorio. (ECF No. 1 at 1.) Plaintiff's complaint contains two claims for relief.

**A. Claim One**

    1. Plaintiff's Allegations

Plaintiff alleges that on November 24, 2024, while attending daily recreation yard inside the California State Prison-Sacramento ("CSP-Sac") RHU[1], plaintiff slipped on a dirty puddle of water. (Id. at 3.) Each individual cage in the RHU contains a shower that leaves an excessive amount of shower water that sits on the floor. (Id.) This has been going on for years. (Id.) Everyday plaintiff and his neighbors requested that the puddles of water in the cages be mopped and removed, but nothing was ever done. (Id.) Plaintiff told defendants Parks and Solorio numerous times about the safety threat created by the puddles, but defendants refused to clean up the excess water on the floor. (Id.) As a result of slipping on the wet floor, plaintiff damaged his spinal cord. (Id.) Plaintiff required surgery for the injuries to his spinal cord. (Id. at 4.)

    2. Legal Standards

The "'treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Helling v. McKinney, 509 U.S. 25, 31 (1993)). The Eighth Amendment

---

[1] "RHU" appears to refer to Restricted Housing Unit.

requires prison officials to "ensure that inmates receive adequate food, clothing, shelter, and medical care," and to "'take reasonable measures to guarantee the safety of the inmates.'" Id. (quoting Hudson v Palmer, 468 U.S. 517, 526-27 (1984)).

Case law is clear that a single defective condition – such as a slippery floor, a leaking roof, or a broken oven – by itself without additional conditions contributing to a threat to an inmate's safety does not create an objectively sufficient and serious condition to implicate the Eighth Amendment. See Osolinski v. Kane, 92 F.3d 934, 938 (9th Cir. 1996); Coleman v. Sweetin, 745 F.3d 756, 764 & n. 7 (5th Cir. 2014) (collecting cases and noting "prisoner slip-and-fall claims almost never serve as a predicate for constitutional violations."). In order to state a cognizable claim for relief, there must be some exacerbating condition in addition to the slippery floor. See Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998) ("[s]lippery floors without protective measures could create a sufficient danger to warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions). For example, in Frost, the prisoner-plaintiff was forced to traverse a wet and slippery shower floor while on crutches, and thus was unable to balance himself as well as an uninjured person. See Frost, 152 F.3d at 1129. The Ninth Circuit held that the failure to "provide handicapped-accessible accommodations for a pretrial detainee who wears a leg cast and relies on crutches," combined with the risk posed by the wet shower floor, was sufficient to state a constitutional claim. See id.

This Court observes that courts have found that wet floors do not implicate the Eighth Amendment even when the condition has been known to prison officials and where the prisoner was required to use the dangerous locations. See Hall v. Fraunheim, 2016 WL 2898712, at *1-2, 4-5 (E.D. Cal. May 18, 2016) (plaintiff's claim that defendants knew of leaky roof in his building, which led to plaintiff's slip and fall, did not rise to an Eighth Amendment claim); Shannon v. Vannoy, 2016 WL 1559583, at *1, 3-4 (M.D. La. Apr. 18, 2016) (allegations that plaintiff slipped and fell in cell due to leak in ceiling, of which prison officials were aware, did not rise to Eighth Amendment claim).

    3. Analysis

Pursuant to the law discussed above, plaintiff's allegations fail to give rise to an Eighth

4

Amendment claim based on his alleged slip and fall.  Plaintiff does not allege any exacerbating condition that rendered him unable to provide for his own safety at the time of his slip and fall.  For these reasons, claim one is dismissed.

**B.  Claim Two**

Plaintiff alleges that on November 26, 2024, plaintiff blacked out in his cell due to the injuries he suffered on November 24, 2024.  (ECF No. 1 at 5.)  When plaintiff woke up, plaintiff was stuck laying on his back.  (Id.)  Plaintiff could not get up.  (Id.)  When plaintiff saw defendant Solorio, plaintiff called "man down."  (Id.)  Plaintiff called "man down" over three times that day.  (Id.)  Defendant Solorio ignored plaintiff's requests for help and failed to summon medical attention.  (Id.)  Defendant Solorio also ignored the calls for help made on plaintiff's behalf by plaintiff's neighbors.  (Id.)  Plaintiff ultimately crawled to his tablet and called his lawyer, who assisted in informing the facility that plaintiff needed help.  (Id.)

This Court finds that claim two states a potentially colorable Eighth Amendment inadequate medical care claim against defendant Solorio.

**C.  Defendant Schultz**

Plaintiff's complaint contains no allegations against defendant Schultz.  The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of

their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff's claims against defendant Schultz are dismissed because there are no allegations linking defendant Schultz to the alleged deprivations.

**IV.  PLAINTIFF'S OPTIONS**

Plaintiff may proceed forthwith to serve defendant Solorio and pursue potentially cognizable claim two alleging violation of the Eighth Amendment right to adequate medical care, or he may delay serving any defendant and attempt to state a cognizable claim against defendant Schultz and cure the pleading defects as to claim one. If plaintiff elects to proceed forthwith against defendant Solorio as to claim two, then within thirty days plaintiff must so elect on the attached form. In this event the Court will construe plaintiff's election as consent to dismissal of claim one against defendants Solorio and Parks and all claims against defendant Schultz without prejudice. Under this option, plaintiff does not need to file an amended complaint.

Or, plaintiff may delay serving any defendant and attempt to state a cognizable claim against defendant Schultz and cure the pleading defects as to claim one. If plaintiff elects to attempt to amend his complaint, plaintiff has thirty days to amend. Plaintiff is not granted leave to add new claims or new defendants.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place, plaintiff has complied with the California Government Claims Act, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act, or omits to perform an act he is legally required to do that causes

the alleged deprivation).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000). While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Bell Atlantic Corp., 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 220; see Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading is superseded. Plaintiff is not granted leave to add new claims or new defendants.

**V. CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the

1  Director of the California Department of Corrections and Rehabilitation filed concurrently
2  herewith.
3      3.  Claims against defendant Schultz and claim one against defendants Solorio and Parks
4  are dismissed with leave to amend.  Within thirty days of service of this order, plaintiff may
5  amend his complaint.  Plaintiff is not obligated to amend his complaint.
6      4.  The allegations in the complaint in claim two are sufficient to state a potentially
7  cognizable Eighth Amendment inadequate medical care claim against defendant Solorio.  See
8  28 U.S.C. § 1915A.  If plaintiff chooses to proceed solely as to this claim, plaintiff shall so
9  indicate on the attached form and return it to the Court within thirty days from the date of this
10 order.  In this event, the Court will construe plaintiff's election to proceed forthwith as consent to
11 an order dismissing the defective claims without prejudice.
12     5.  Failure to comply with this order will result in a recommendation that this action be
13 dismissed.

15 Dated:  November 6, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

25 Tuil3156.14/2

8

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL TUILAEPA,<br><br>        Plaintiff,<br><br>  v.<br><br>JASON SCHULTZ, et al.,<br><br>        Defendants. | No.   2:25-cv-3156 CSK P<br><br><u>NOTICE OF ELECTION</u> |

Plaintiff elects to proceed as follows:

_____    Plaintiff opts to proceed with claim two against defendant Solorio alleging violation of the Eighth Amendment right to adequate medical care.  Under this option, plaintiff consents to dismissal of claim one against defendants Solorio and Parks and all claims against defendant Schultz without prejudice.

**OR**

\_\_\_\_\_    Plaintiff opts to file an amended complaint and delay service of process.

DATED:

_____
                           Plaintiff