UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL TUILAEPA, | No. 2:25-cv-3156 CSK P |
| Plaintiff, | |
| v. | ORDER |
| JASON SCHULTZ, et al., | |
| Defendants. | |

**I. INTRODUCTION**

Plaintiff is a state prisoner proceeding pro se in an action brought under 42 U.S.C. § 1983. On December 15, 2025, plaintiff filed a pleading requesting appointment of counsel, an extension of time and waiver of the filing fee. (ECF No. 14.) For the following reasons, plaintiff's requests made in the December 15, 2025 pleading are denied.

**II. REQUST FOR APPOINTMENT OF COUNSEL**

District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as

1

well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, this Court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time. Plaintiff's motion for appointment of counsel is denied without prejudice.

**III.  REQUEST FOR EXTENSION OF TIME**

Plaintiff states that if the court has not yet received his lawsuit from the law library clerk, plaintiff requires an extension of time because his prison is on lockdown. (ECF No. 14 at 3.) For the following reasons, plaintiff's request for extension of time is denied as unnecessary because there are no pending deadlines regarding the filing of a complaint or any other pleading.

On November 7, 2025, this Court filed an order screening plaintiff's complaint. (ECF No. 6.) This Court found that claim two against defendant Solorio stated a potentially colorable claim for violation of the Eighth Amendment right to adequate medical care. (Id.) This Court dismissed claim one against defendants Solorio and Parks and all claims against defendant Schultz. (Id.) Plaintiff was granted thirty days to file an amended complaint or notify this Court that plaintiff intended to proceed only with claim two against defendant Solorio. (Id.) On December 8, 2025, plaintiff filed a Notice of Election form stating that plaintiff opted to proceed only with claim two against defendant Solorio. (ECF No. 10.) Plaintiff consented to the dismissal of claim one against defendants Solorio and Parks and all claims against defendant Schultz. (Id.) On December 10, 2025, this Court ordered service of defendant Solorio as to claim two. (ECF No. 11.) On December 18, 2025, defendant Solorio filed a notice of intent to waive service. (ECF No. 15.)

Plaintiff's request for an extension of time is denied as unnecessary because there are no pending deadlines regarding the filing of a complaint or any other pleading.

**IV. REQUEST TO WAIVE FILING FEE**

Plaintiff states that he cannot afford the filing fee and requests that the filing fee be waived. (ECF No. 14 at 2.) For the following reasons, plaintiff's request to waive the filing fee is denied.

The filing fee for this action is $350.00. 28 U.S.C. § 1914(a). On November 7, 2025, this Court granted plaintiff's application to proceed in forma pauperis. (ECF No. 6.) In the November 7, 2025 order, this Court assessed plaintiff an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). (Id.) By separate order, this Court directed the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. (ECF No. 7.) This Court ordered that thereafter, plaintiff was obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. (Id.)

"[I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1). "[N]othing in the statute provides any authority or mechanism by which the Court may waive the full payment of the filing fee." Deleon-Carbajal v. Oregon Department of Corrections, 2022 WL 3912578, at *1 (D. Or. Aug. 30, 2022) (citing Johnson v. Darr, 2018 WL 4185424, at *2 (S.D. Cal. Aug. 31, 2018) (noting that nothing in § 1915 grants the court authority or provides a mechanism by which it may waive full payment of the filing fee or to return a portion of the filing fee already paid and collecting cases)). Plaintiff's request to waive the filing fee is denied because this Court is not authorized to waive the filing fee.

Accordingly, IT IS HEREBY ORDERED that plaintiff's requests for the appointment of counsel, for extension of time and to waive the filing fee (ECF No. 14) are denied

Dated:  December 23, 2025

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

tui13156.31.new/2

3